*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0113P (6th Cir.)
File Name: 02a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JESSE UPSHER; ANNIE
ABRAHAM; EDWARD
BRODZIK; JEANETTE
BRODZIK; HENRY HUCZEK;
AURELIA HUCZEK; STEPHEN
KALMUS; CATHERINE
KALMUS; KAREN KOHL;
TRACY THACKER; JOHN
O'LOUGHLIN,
     *Plaintiffs-Appellants,*

     *v.*

GROSSE POINTE PUBLIC
SCHOOL SYSTEM; GROSSE
POINTE BOARD OF
EDUCATION; SUZANNE KLEIN;
CHRISTIAN FENTON; TIMOTHY
HOWLETT; PAUL PAGEL;
CARL ANDERSON; JACK
RYAN; JOHN MILLS; CYNTHIA
PANGBORN; SEARS TAYLOR;
MARY BETH HERMAN; JAY
JEFFRIES; STEVE MATTHEWS;
ED SHINE; LARRY
YANKAUSKAS, individually

Nos. 00-1763/
1764/1765

1

2    *Upsher, et al. v. Grosse*    Nos. 00-1763/1764/1765
    *Pointe Public School*
    *System, et al.*

and in their respective
capacities,
        *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 98-72740; 98-72103; 98-71261—Anna Diggs Taylor,
District Judge.

Argued: January 29, 2002

Decided and Filed: April 4, 2002

Before: RYAN and GILMAN, Circuit Judges; POLSTER,
District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Philip E. Chaffee, LAW OFFICE OF PHILIP E.
CHAFFEE, Grand Rapids, Michigan, for Appellants.
Timothy D. Wittlinger, CLARK HILL PLC, Detroit,
Michigan, for Appellees. **ON BRIEF:** Philip E. Chaffee,
LAW OFFICE OF PHILIP E. CHAFFEE, Grand Rapids,
Michigan, for Appellants. Timothy D. Wittlinger, Evelyn L.
Sullen, CLARK HILL PLC, Detroit, Michigan, for Appellees.

_____

[*] The Honorable Dan A. Polster, United States District Judge for the
Northern District of Ohio, sitting by designation.

Nos. 00-1763/1764/1765    *Upsher, et al. v. Grosse*   15
    *Pointe Public School*
    *System, et al.*

**III.**

**CONCLUSION**

For the foregoing reasons, the judgment of the district court
is **AFFIRMED.**

14    *Upsher, et al. v. Grosse*    Nos. 00-1763/1764/1765
    *Pointe Public School*
    *System, et al.*

Nos. 00-1763/1764/1765    *Upsher, et al. v. Grosse*    3
    *Pointe Public School*
    *System, et al.*

When an employer subjects an employee to a continuously operative dangerous condition that it knows will cause an injury, yet refrains from informing the employee about the dangerous condition so that he is unable to take steps to keep from being injured, a factfinder may conclude that the employer had knowledge that an injury is certain to occur.

*Id.* at 145. The court consequently affirmed denial of the defendant's motion for summary judgment because the "plaintiff [] presented evidence that, despite knowledge of the earlier explosion, defendant failed to remedy the condition that caused it." *Id.* at 148.

Here, however, even if we assume the asbestos-containing tiles constituted a "continuously operative dangerous condition," a fact we do not resolve, there is no evidence that any of the defendants *knew* this condition would cause injury and *refrained* from informing the plaintiffs. The supervisor in *Golec* ordered the plaintiff to return to work with full knowledge that the operating condition had recently resulted in an injury-causing explosion. Here, the plaintiffs' proof shows merely that: (1) the defendants (and we note only some of the individually named defendants) knew of the general dangers associated with asbestos exposure; (2) the defendants did not provide adequate training regarding the proper method for removing asbestos-containing tiles; and (3) the defendants did not provide adequate protective devices such as clothing, air respirators, air monitoring, and the like. While the defendants' actions may have been negligent, or even grossly negligent, we conclude that the plaintiffs' proof fails to establish that the defendants had *actual knowledge* that injury was *certain to occur* and *willfully disregarded that knowledge*. The plaintiffs, therefore, are subject to the exclusive remedies provided under the MWDCA and may not recover in this action.

## OPINION

RYAN, Circuit Judge. Jesse Upsher, Annie Abraham, Edward Brodzik, Henry Huczek, Stephen Kalmus, Karen Kohl, Tracy Thacker, and John O'Loughlin (hereinafter collectively referred to as "the plaintiffs") are custodians employed by the Grosse Pointe Public School System. They brought a 42 U.S.C. § 1983 action against the Grosse Pointe Public School System, the Grosse Pointe Board of Education, and various individually named defendants (hereinafter collectively referred to as "the defendants") for alleged injuries from exposure to friable asbestos during a carpet removal job at Grosse Pointe's South High School. Their spouses also brought derivative claims. The district court entered summary judgment for the defendants from which the plaintiffs now appeal.

We must decide whether the plaintiffs' evidence establishes material issues regarding the defendants' liability under both 42 U.S.C. § 1983 and the intentional tort exception to the Michigan Worker's Disability Compensation Act, MICH. COMP. LAWS ANN. § 418.131(1) (MWDCA). We conclude that it does not and therefore we will affirm the judgment of the district court.

### I.

### FACTUAL BACKGROUND

### A.

### The Parties

Plaintiffs Annie Abraham, Edward Brodzik, Henry Huczek, Stephen Kalmus, Karen Kohl, and Tracy Thacker were custodians employed by the Grosse Pointe Public School

4     *Upsher, et al. v. Grosse*     Nos. 00-1763/1764/1765
*Pointe Public School*
*System, et al.*

System in Grosse Pointe, Michigan. Plaintiffs Jesse Upsher and John O'Loughlin were students at South High School and were employed as temporary custodians. Plaintiff Stephen Kalmus was the foreman and supervised the other custodians. Plaintiffs Jeanette Brodzik, Aurelia Huczek, and Catherine Kalmus are spouses of the allegedly injured custodians who asserted derivative claims of loss of consortium.

The individually named defendants are: Dr. Suzanne Klein (assistant superintendent for the School System during the summer of 1995); Christian Fenton (assistant superintendent for business and support services and designated asbestos coordinator for the School System); Paul Pagel (assistant principal at South High School and administrative supervisor of custodians); Mary Beth Herman (principal at South High School); Jay Jeffries (head engineer at South High School); Dr. Edward Shine (Dr. Klein's predecessor); Larry Yankauskas (supervisor of buildings and grounds for the School System); and named, past and present Grosse Pointe school board members: Timothy Howlett, Carl Anderson, Jack Ryan, John Mills, Cynthia Pangborn, Sears Taylor, and Steve Matthews.

## B.

### The Incident

In early 1995, Grosse Pointe's South High School determined that it would replace the carpeting located in the main office area. Assistant principal Pagel solicited bids from a number of carpeting suppliers and ultimately selected New York Carpet World to remove, replace, and install the new carpeting. After performing initial tests on the vinyl floor tile located beneath the carpeting, New York Carpet World informed Pagel that it refused to complete the project because the machine scrapers it used to remove the carpet might disturb the underlying asbestos-containing tiles. Thereafter, Pagel met with custodial foreman Kalmus, and head engineer

Nos. 00-1763/1764/1765     *Upsher, et al. v. Grosse*     13
*Pointe Public School*
*System, et al.*

The district court concluded:

There is no question of any fact raised concerning specific intent of the Defendants to cause any injury to the Plaintiffs, and there's also no question of fact raised of any actual knowledge by the Defendants that an injury was certain to occur, and that they willfully disregarded such knowledge in proceeding to the work assignments of the Plaintiffs.

The plaintiffs did not present any direct evidence that the defendants intended to injure them, but instead offered circumstantial evidence to prove that the defendants had actual knowledge that injury was certain to occur and that the defendants willfully disregarded that knowledge. Our review, therefore, focuses on the district court's conclusion as it relates to this second avenue of establishing an intentional tort—whether the defendants had actual knowledge that injury was certain to occur and willfully disregarded that knowledge.

The plaintiffs rely upon *Golec v. Metal Exchange Corporation*, 551 N.W.2d 132 (Mich. 1996), the companion case to *Travis v. Dreis & Krump Mfg. Co.*, 551 N.W.2d 132, a case the Michigan Supreme Court concluded fit within the narrow confines of the MWDCA exception. We do not agree, however, that *Golec* controls. In *Golec*, the plaintiff-employee sued for injuries he sustained after an explosion "showered" him with molten aluminum after he loaded wet scrap metal containing aerosol cans into a furnace. *Golec*, 551 N.W.2d at 136-37. Three hours before this explosion a similar, minor explosion occurred, resulting in slight burns to the plaintiff's left hand. *Id.* at 137. After this earlier, minor explosion, the plaintiff notified the shift leader who, in turn, notified his immediate supervisor. *Id.* The supervisor ordered the plaintiff to return to work. *Id.* The Michigan court held:

12    *Upsher, et al. v. Grosse*        Nos. 00-1763/1764/1765
       *Pointe Public School*
       *System, et al.*

*an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.*    The issue of whether an act was an intentional tort shall be a question of law for the court.

MICH. COMP. LAWS ANN. § 418.131(1) (emphasis added).

In the seminal case construing the statute, the Michigan Supreme Court interpreted the amended statute as providing two avenues whereby injured employees can prove an intentional tort. *Travis*, 551 N.W.2d at 141-43. The first sentence of the intentional tort exception provides: "An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury." MICH. COMP. LAWS ANN. § 418.131(1). The *Travis* court held that this sentence requires that an employee prove that his employer deliberately acted or failed to act with the purpose of inflicting an injury upon the employee. *Travis*, 551 N.W.2d at 141-42.

An employee can also establish an intentional tort by proving that "the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." MICH. COMP. LAWS ANN. § 418.131(1). This second avenue of proof is "a legislative recognition of a limited class of cases in which liability is possible despite the absence of a classic intentional tort and as a means of inferring an employer's intent to injure from the surrounding circumstances in those cases." *Travis*, 551 N.W.2d at 143. This approach requires that an employee show that his employer (1) had "actual knowledge"; (2) that an injury was "certain to occur"; and (3) "willfully disregarded that knowledge." MICH. COMP. LAWS ANN. § 418.131(1); *see Travis*, 551 N.W.2d at 143.

Nos. 00-1763/1764/1765        *Upsher, et al. v. Grosse*    5
                              *Pointe Public School*
                              *System, et al.*

Jeffries, and instructed them that South High's custodial staff would complete the carpet removal.

Although the plaintiffs claim that they protested prior to beginning the work, they nevertheless started removing the carpet around July 19, 1995. When they started to remove the carpet, they noticed that some of the underlying vinyl floor tiles were sticking to the back of the old carpeting. To remove these tiles, the plaintiffs chiseled, chipped, pounded, pulverized, hammered, and jackhammered the tiles causing breakage, flying debris, and dust. The defendants did not provide the plaintiffs with particulate air vacuums to clean up the dust and debris or any protective clothing or respirators. All of the plaintiffs except the two student-plaintiffs had received two hours of asbestos awareness training, but none of them had received the additional 14 hours of training required by the Asbestos Hazard Emergency Response Act of 1986 (AHERA), 40 C.F.R. § 763.92(a)(2), before conducting activities that would result in the disturbance of asbestos-containing building materials (ACBM).

The plaintiffs allege that they suffer from respiratory irritations, posttraumatic stress disorder, and other physical and psychological problems resulting from their exposure to potentially harmful levels of friable asbestos. Subsequent testing conducted by EMSL, an accredited National Voluntary Laboratory Accreditation Program (NVLP) laboratory, located in Ann Arbor, Michigan, revealed that the tiles contained anywhere between 10-25% asbestos. Additionally, the plaintiffs' experts reported that as a result of exposure to the asbestos, the plaintiffs are at a significant increased risk of developing, *inter alia*, asbestosis, lung cancer, mesothelioma, kidney cancer, leukemia, and lymphoma—all requiring expensive medical monitoring.

The plaintiffs filed a complaint with the Michigan Department of Public Health, which resulted in citations for: (1) failure to perform exposure monitoring to determine the

6    *Upsher, et al. v. Grosse*        Nos. 00-1763/1764/1765
      *Pointe Public School*
      *System, et al.*

airborne concentrations of asbestos required by the Occupational Safety and Health Administration (OSHA) Asbestos Construction Standard, 29 C.F.R. § 1926.1101(f); and (2) failure to instruct employees in the recognition and avoidance of unsafe conditions involving asbestos and the specific asbestos regulations applicable to the worksite that have been established to control or eliminate the hazards associated with exposure to asbestos.  On February 11, 1998, the Environmental Protection Agency (EPA) issued a similar notice of noncompliance pursuant to Section 15 of the Toxic Substances Control Act (TSCA), as amended, 15 U.S.C. §§ 2601-2629, for violations of 40 C.F.R. § 763, Subpart E.

The plaintiffs filed a complaint in the United States District Court for the Eastern District of Michigan alleging violations of:  (1) the Asbestos Hazard Emergency Response Act of 1986 (AHERA), 15 U.S.C. §§ 2641-2656; (2) the Asbestos School Hazard Abatement Act of 1984 (ASHAA), 20 U.S.C. §§ 4011-4022; (3) Section 7003 of the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. § 6973; (4) the Clean Air Act (CAA), 42 U.S.C. §§ 7401-7671q; (5) the Solid Waste Disposal Act (SWDA), 42 U.S.C. §§ 6901-6992k; (6) the Civil Rights Act, 42 U.S.C. § 1983; (7) strict liability, gross negligence, and willful and wanton misconduct; (8) ultra-hazardous activity; (9) intentional misconduct; and (10) conspiracy.  The defendants moved for partial summary judgment, following which, the district court dismissed the plaintiffs' environmental law claims, concluding that the plaintiffs had no private right of action and/or that the plaintiffs had not exhausted their administrative remedies. The court reserved its ruling on the plaintiffs' civil rights claim, the claim of intentional tort, and the accompanying derivative claims until after discovery.  Following discovery and upon the defendants' renewed motion for summary judgment, the district court dismissed all of the plaintiffs' remaining claims.  The plaintiffs appeal only the district court's grant of summary judgment to the defendants on their

Nos. 00-1763/1764/1765       *Upsher, et al. v. Grosse*   11
                             *Pointe Public School*
                                  *System, et al.*

## B.

### MICH. COMP. LAWS ANN. § 418.131(1)

We next consider whether the district court erred when it concluded that the plaintiffs' evidence did not sufficiently establish a material issue of fact with regard to the defendants' liability under the intentional tort exception to the MWDCA.

As we have said, the plaintiffs' § 1983 claim fails because, in part, they were not able to prove an intentional injury.  We recognize it would be anomalous if the plaintiffs' MWDCA claim did not likewise fail, but we nevertheless offer a brief analysis of why, in our estimation, the plaintiffs' proof does not sufficiently state an intentional tort as specifically defined by the MWDCA.

In the early twentieth century, the Michigan legislature implemented a no-fault workers' compensation system as the exclusive remedy for employees injured while on the job. 1912 (1st Ex. Sess.) PA 10, part 1, § 4; 1915 CL 5426.  In exchange, employees gave up the right to sue their employers for certain occupational injuries. *Bazinau v. Mackinac Island Carriage Tours*, 593 N.W.2d 219, 222 (Mich. Ct. App. 1999). Largely in response to the Michigan Supreme Court's decision in *Beauchamp v. Dow Chemical Co.*, 398 N.W.2d 882 (Mich. 1986), the Michigan legislature amended the MWDCA, excepting intentional torts from MWDCA's exclusive remedy provision. *Travis v. Dreis & Krump Mfg. Co.*, 551 N.W.2d 132, 139 (Mich. 1996).  The amended statute provides, in relevant part:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. *An intentional tort shall exist only when*

result. In *Lewellen*, this court considered whether an injured employee could maintain a 42 U.S.C. § 1983 claim after the government decided to build a school in the immediate vicinity of a high voltage conductor line. The plaintiff-employee in *Lewellen* argued that "[i]f negligence lies at one end of a spectrum and intent at the other . . . , the conduct of the defendants . . . was far enough away from negligence, and close enough to intentional infliction of bodily injury, to constitute a violation of the Constitution." *Lewellen*, 34 F.3d at 349 (internal citation omitted). Despite uncontested evidence that the applicable safety and electrical code standards had been violated, this court upheld the district court's grant of summary judgment in favor of the government, reasoning that "the defendants obviously did not make a deliberate decision to inflict pain and bodily injury . . . . The defendants may have been negligent, but it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest." *Id.* at 348 (citing *Collins*, 503 U.S. at 125-27; *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 201-02 (1989); *Daniels v. Williams*, 474 U.S. 327, 332 (1986)). The *Lewellen* court recognized that, even assuming that the defendants had been "deliberate[ly] indifferen[t] to 'unreasonable risks of harm,'" the defendants would not be liable for a constitutional violation as contemplated by *Collins*. *Lewellen*, 34 F.3d at 351.

Similarly, here, we cannot find, nor was our attention invited to, any evidence in the record which suggests that any of the defendants made a deliberate decision to inflict pain or bodily injury on any of the plaintiffs. Neither is there proof that the defendants engaged in arbitrary conduct intentionally designed to punish the plaintiffs—conduct which we have recognized may result in the deprivation of a constitutionally protected interest. *Id.* Without more, we conclude that the plaintiffs' evidence establishes, at best, a case sounding in negligence and not a constitutional tort under § 1983.

42 U.S.C. § 1983 claim and the intentional tort exception to the MWDCA.

## II.

## ANALYSIS

This court reviews a district court's grant of summary judgment *de novo*. *Owens Corning v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 257 F.3d 484, 491 (6th Cir. 2001). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Nix v. O'Malley*, 160 F.3d 343, 347 (6th Cir. 1998). In reviewing a motion for summary judgment we draw all justifiable inferences in a light most favorable to the nonmoving party. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 837 (6th Cir. 2002).

## A.

## 42 U.S.C. § 1983

First, we review whether the district court erred when it concluded that the plaintiffs' evidence did not sufficiently establish a material issue of fact with regard to the defendants' liability under 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

8    *Upsher, et al. v. Grosse*    Nos. 00-1763/1764/1765
*Pointe Public School*
*System, et al.*

in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (West Supp. 2001).

Consequently, to state a viable claim under 42 U.S.C. § 1983, plaintiffs must produce evidence that: (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or law of the United States, and (2) the deprivation was caused by a person while acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Section 1983 is not self-executing, but rather provides a remedy "'for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). The Supreme Court has cautioned courts to carefully scrutinize so-called substantive due process claims brought under § 1983 "because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins*, 503 U.S. at 125. "It is important, therefore, to focus on the allegations in the complaint to determine how [the plaintiff] describes the constitutional right at stake and what the [governmental actor] allegedly did to deprive [the plaintiff] of that right." *Id.*

We begin, therefore, by looking at how the plaintiffs describe the constitutional right at stake in their complaint. The plaintiffs allege that the defendants, in ordering the plaintiffs to remove the asbestos-containing materials, caused injury to the plaintiffs which was "willful, wanton, malicious and demonstrated complete, utter and reckless disregard for [their] health and safety," in violation of § 1983. In their appellate briefing, the plaintiffs clarify that their § 1983 claim rests on Section 1 of the Due Process Clause of the Fourteenth Amendment, specifically the substantive component that protects against deliberate decisions of government officials to "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. We

Nos. 00-1763/1764/1765    *Upsher, et al. v. Grosse*    9
*Pointe Public School*
*System, et al.*

conclude that a "fair reading" of the plaintiffs' complaint, unlike the complaint in *Collins*, does allege a willful violation. *See Collins*, 503 U.S. at 125.

Our next inquiry, therefore, is whether the plaintiffs' proof is sufficient as a matter of law to state a question of fact regarding the defendants' liability under 42 U.S.C. § 1983. This court made clear in *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F.3d 345 (6th Cir. 1994), that in a non-custodial setting, in order to establish liability for violations of substantive due process under § 1983, a plaintiff must prove that the governmental actor either intentionally injured the plaintiff or acted arbitrarily in the constitutional sense. *Id.* at 350-51; *see Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994). The *Lewellen* court expressed doubt as to whether, in a non-custodial case, "deliberate indifference" could give rise to a violation of substantive due process. *Lewellen*, 34 F.3d at 350 n.4; *see Stemler v. City of Florence*, 126 F.3d 856, 869 (6th Cir. 1997). We point this out because the district court, in ruling on the defendants' initial motion for partial summary judgment, stated that "[t]he 1983 claim . . . could possibly go forward as a case of deliberate indifference." We believe the more exact standard, announced in *Lewellen*, is that in order to succeed on a § 1983 claim in a non-custodial setting, a plaintiff must prove either intentional injury or "arbitrary conduct intentionally designed to punish someone—*e.g.*, giving a worker 'a particularly dangerous assignment in retaliation for a political speech . . . or because of his or her gender.'" *Lewellen*, 34 F.3d at 351 (quoting *Collins*, 503 U.S. at 119). Or, as stated in *Stemler*, a plaintiff must prove "'conscience shocking'" behavior. *Stemler*, 126 F.3d at 869 (quoting *Collins*, 503 U.S. at 128).

The plaintiffs urge that the Second Circuit's decision in *LaBounty v. Coughlin*, 137 F.3d 68 (2d Cir. 1998), requires a reversal of the district court's judgment; however, we conclude that our decision in *Lewellen* demands the opposite