**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 2, 2006[*]
Decided December 13, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4527

| | |
|---|---|
| LUIS VASQUEZ, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 05-C-528-C |
| MATTHEW J. FRANK, et al., *Defendants-Appellees.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Wisconsin inmate Luis Vasquez claims in this action under 42 U.S.C. § 1983 that prison officials repeatedly violated his constitutional rights in connection with the conditions of his confinement. He seeks damages and injunctive relief. The district court dismissed the complaint at initial screening. *See* 28 U.S.C. § 1915A. Vasquez appeals.

---

[*]The appellees have notified this court that they were never served with process in the district court and will not file a brief or otherwise participate in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Accordingly, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

For present purposes we accept the allegations in his complaint as true, *see Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Although most of his claims have no merit even under that generous approach, two call for discussion. Vasquez suffers from emotional distress, depression, anxiety, and "other psychological problems." From December 2002 until March 2006 he was confined in the Health and Segregation Complex at the Waupun Correctional Institution. In the first of the claims we have identified, Vasquez alleges that his cell in segregation was illuminated 24 hours a day. Although he was able to lower the lighting, he could not turn it off completely. He alleges that the constant illumination aggravated his mental illness and caused him to suffer from insomnia, migraines, eye pain, and blurry vision. Even though he received medications to fight the headaches and psychological effects, prison officials would not allow him to extinguish the light. In his second claim, Vasquez alleges that his cell was dusty as a result of poor ventilation, the air was stale, and the temperature was too hot in the summer. As a result, he says, he coughed up blood and experienced nose bleeds, heat exhaustion, dizziness, and insomnia. The excessive heat also "increase[d] the interaction, adverse reactions, and side effects" of his psychotropic medications. He filed grievances and told medical personnel about these conditions, but prison officials did not rectify the problem for over three years.

The district court dismissed these claims along with the rest of Vasquez's complaint. The court reasoned that Vasquez's constitutional claim about the illumination in his cell cannot succeed because in another lawsuit involving a different plaintiff the court found that the lighting in the Health and Segregation Complex at Waupun does not violate the Eighth Amendment. *See King v. Frank*, 371 F. Supp. 2d 977, 985 (W.D. Wis. 2005). The court also reasoned that Vasquez failed to state a claim concerning the ventilation because, in the court's view, it defied "common sense to assume" that poor ventilation had caused Vasquez to expectorate blood or bleed from the nose and because Vasquez did not "allege that the temperatures were so excessive that they posed a serious risk to his health."

Although we agree with the district court that most of Vasquez's complaint either fails to state a claim or is pleaded with enough factual detail to say with certainty that he pleaded himself out of court, we cannot sustain the court's resolution of the two claims we have discussed. A district court may strongly suspect that an inmate's claims lack merit, but that is not a legitimate ground for dismissal under § 1915A. *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006); *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006). A complaint is sufficient if it gives notice of the plaintiff's claims. *Simpson*, 450 F.3d at 306. It cannot be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief," *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Vasquez's allegations about the lighting and air quality in his cell are not so fantastical that the district court could dismiss them out of hand. Prison officials violate the Eighth Amendment when they deliberately ignore a serious medical condition, *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), or create "an unreasonable risk of serious damage" to an inmate's future health, *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Vasquez alleged that he is mentally ill and that the constant illumination in his cell aggravated his mental illness, caused him headaches, and prevented him from sleeping. Prison officials were aware of these adverse reactions but refused to extinguish the light. We have acknowledged that constant cell illumination may inflict severe suffering on mentally ill inmates. *See Scarver v. Litscher*, 434 F.3d 972, 974 (7th Cir. 2006); *see also Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996). And his claim is not barred merely because the district court decided the same issue in an unrelated case in which Vasquez was not a party. *See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) (explaining that due process prohibits barring a litigant who was not a party to a prior action from litigating the identical issue despite existing decisions on the issue that are contrary to the litigant's position). Thus Vasquez stated a claim concerning the lighting in his cell. Vasquez's allegations that the poor ventilation in his cell caused him to suffer adverse effects from stagnant air and excessive heat, and that the prison officials were aware of the conditions and the adverse effect on his health but did nothing to correct the ventilation problem, also were enough to survive initial screening. *See Scarver*, 434 F.3d at 974-75; *see also Keenan*, 83 F.3d at 1090.

Although injunctive relief is no longer necessary or appropriate because documents submitted by Vasquez with his supplemental brief to this court indicate that he has been released from segregation, he may still be entitled to damages. There will come a time in this litigation when Vasquez will be required to set forth specific facts, but dismissal under 28 U.S.C. § 1915A was premature. Accordingly, we VACATE the judgment as to Vasquez's Eighth Amendment claims concerning the cell lighting and ventilation and REMAND for further proceedings on those claims. In all other respects the judgment is AFFIRMED. In light of our decision, Vasquez has not incurred a strike under 28 U.S.C. § 1915(g).