**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007[*]
Decided May 10, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4149

| | |
|---|---|
| ROBERT DALE LAMON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 05-CV-745-WDS |
| DONALD E. SANDIDGE, et al., *Defendants-Appellees.* | William D. Stiehl, *Judge.* |

**O R D E R**

Robert Lamon, a property owner and businessman in Alton, Illinois, brought this civil rights lawsuit against the City of Alton, its mayor, and its police department after he was arrested for operating a business without a license. In a very short (less than two pages) complaint, Lamon alleged that Mayor David Sandidge knowingly allowed Alton police to arrest him without probable cause. The

---

[*]Appellees notified this court that they were never served with process in the district court and consequently have not filed a brief in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

arrest followed repeated but unspecified "harassment" by unnamed people under Sandidge's control. These actions resulted in harm to Lamon's business and reputation. The district court dismissed the complaint *sua sponte* for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and denied Lamon's motion to reconsider. Lamon timely appealed. We vacate in part and remand.

The substantive law is well established. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that government officials, acting under color of state law, deprived him of a constitutional right. *Christensen v. County of Boone*, __ F.3d __, No. 04-4162, 2007 WL 841097, at *3 (7th Cir. Mar. 21, 2007). An arrest without probable cause is a violation of the Fourth Amendment. *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases). Municipalities and local officials sued in their official capacities may be liable under § 1983 if a municipal policy caused the constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). And "a single act or decision of a final policymaker can establish municipal policy." *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (superceded by statute on unrelated point); *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Procedurally, a complaint is sufficient if it gives notice of the plaintiff's claims, *Simpson v. Nickel*, 450 F.3d 303, 305-06 (7th Cir. 2006), and cannot be dismissed for failure to state a claim unless it appears beyond doubt that "the plaintiff can prove no set of facts that would entitle him to relief," *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (internal quotation and citation omitted).

Although Lamon's brief to this court is deficient, *see* Fed. R. App. P. 28(a)(9), it is plain from his complaint that he has stated one claim against the Mayor and City of Alton: Mayor Sandidge, who we may reasonably assume is the final policymaker for Alton, knowingly authorized the police to arrest Lamon without probable cause. We must accept the truth of that allegation, however doubtful, at this stage. *See Christensen*, 2007 WL 841097 at *1; *Simpson*, 450 F.3d at 307 (explaining that district court's suspicion that plaintiff's claim lacks merit is not legitimate ground for dismissal); *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006). And the voluminous documents attached to the complaint do not foreclose this claim because they do not contradict his allegations. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998). For example, the booking sheet discloses merely that police arrested Lamon after they "observed" him at an address where he had previously operated a business, but it does not assert there was probable cause to believe he committed a crime. Thus it was improper for the district court to dismiss at this juncture Lamon's Fourth Amendment claim that the Mayor (and, through him, the City of Alton) knowingly authorized his arrest without probable cause.

The district court, however, properly dismissed the remainder of Lamon's claims—the unspecified harassment committed by unnamed people. Lamon has not afforded the defendants reasonable notice of the nature of these claims or an opportunity to begin their defense against them. *See* Fed. R. Civ. P. 8(a); *Loubser*, 440 F.3d at 443. Furthermore, he has not explained them in his brief to this court or timely asked for an opportunity to replead them.

VACATE in part and REMAND for further proceedings.