NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 16, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 11-1797 & 11-1798

| | |
|---|---|
| In the Matter of RICHARD LOUIS ALEXANDER, <br>     *Debtor-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> Nos. 10-cv-310-wmc & 10-cv-311-wmc <br><br> William M. Conley, <br> *Chief Judge*. |

**O R D E R**

After Richard Alexander filed for bankruptcy, a bankruptcy judge granted two secured creditors, Kondaur Capital Corporation and Prime Asset Fund II, relief from the automatic stay on collecting debts to permit them to pursue pending state-foreclosure proceedings. *See* 11 U.S.C. § 362(a), (d). Alexander moved to reconsider, which was denied,

---

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2)(C).

and then appealed to the district court, which affirmed. Because the bankruptcy court granted both motions for relief for the same reasons, we decide the appeals together. Finding no abuse of discretion, we affirm.

Each of the creditors asserted in its motion for relief from the stay that Alexander had executed a promissory note and mortgage on specified property; the original holder of the notes assigned them to Kondaur Capital and Prime Asset; and Alexander defaulted on the obligations, prompting foreclosure proceedings. The creditors explained that their interests were insufficiently protected because Alexander had failed to make monthly payments, had no equity in the properties secured, and did not plan in his proposed bankruptcy budget to pay real estate taxes or insurance. Alexander objected to each of the motions, arguing that the creditors had not provided the bankruptcy court "proofs of claim" under Federal Rule of Bankruptcy Procedure 3002.

After holding hearings in both cases, the bankruptcy court judge concluded that the debt remaining on the mortgage notes well exceeded the value of the mortgaged properties, Alexander retained no equity in the properties secured, and Alexander presented no evidence of hazard insurance or payments of taxes. The court also rejected Alexander's argument that the secured creditors had not offered "proofs of claim," concluding that no such proof was required. As a result, the bankruptcy court granted the creditors' requests for relief from the automatic stay. A representative of the U.S. Trustee was present at each hearing and did not object to the grant of relief from the automatic stay.

Alexander first sought reconsideration of each motion in the bankruptcy court and then review by the district court, which affirmed, finding no abuse of discretion. He then appealed to us. On appeal, we too review the bankruptcy court's rulings to lift the automatic stay for abuse of discretion and its underlying factual findings for clear error. *See Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003); *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998); *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231-32 (7th Cir. 1990); *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985).

We find no fault with the bankruptcy court's ruling. Alexander first argues on appeal that the bankruptcy court erred by failing to permit him a 7-day extension to file an objection to Kondaur Capital's motion for relief from the stay. But though the bankruptcy court denied the extension, it nonetheless entertained on the merits the objections Alexander later filed. Consequently, any error in denying more time was harmless. *See* 28 U.S.C. § 2111; FED. R. CIV. P. 61; *Shinseki v. Sanders*, 129 S. Ct. 1696, 1705 (2009). Alexander also faults the bankruptcy court for granting the creditors' requests for relief without requiring both creditors to file "proofs of claim" as defined by Federal Rule of Bankruptcy Procedure

3003(c)(2). But a secured creditor need not file a "proof of claim" unless the creditor wishes to take part in the distribution of estate assets; here the creditors sought to separate the mortgaged property from the bankruptcy estate and vindicate their claims in foreclosure proceedings in state court, as the bankruptcy code permits. *See* 11 U.S.C. § 506(d)(2); *In re Penrod*, 50 F.3d 459, 461 (7th Cir. 1995) ("A secured creditor can bypass his debtor's bankruptcy proceeding and enforce his lien in the usual way, which would normally be by bringing a foreclosure action in a state court. This is the principle that liens pass through the bankruptcy unaffected."); *In re Pence*, 905 F.2d 1107, 1110 (7th Cir. 1990).

Even though a "proof of claim" was not necessary, both creditors adequately justified their motions for relief. Given the summary nature of automatic-stay proceedings, the bankruptcy court may lift the stay if it is satisfied that a creditor has presented a colorable claim that will not impair effective reorganization. *See In re Vitreous Steel Prods. Co.*, 911 F.2d at 1232; *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985). Here, the creditors established their claims by citing the original mortgage documents, the validity of which Alexander did not dispute, and presenting copies of executed and recorded assignments transferring the mortgage notes to the creditors. Furthermore, lifting the stay did not impair reorganization because the bankruptcy court found, not clearly erroneously, that Alexander had no equity in the properties, that he was insufficiently insured, and that he had no plan to pay either the amount in arrears on the mortgage or the taxes due. The bankruptcy court properly determined the absence of Alexander's equity in the properties by comparing the valuations from his own schedules with the amounts remaining on the notes (which exceeded Alexander's own estimates of market value). He had ample opportunity to present evidence contesting these findings when he filed motions to reconsider in each case. His failure to back up his arguments (for example, his claim to have insured the properties) with any additional evidence belies his contrary arguments.

We note finally that Alexander also contends on appeal that creditors, their attorneys, and the original mortgage holder on his properties conspired to defraud him. His brief does not substantiate any fraud, however, and, more importantly, this is not the forum for the airing of those grievances in the first instance. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("one cannot present evidence to an appellate court").

AFFIRMED.