NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2022[*]
Decided July 25, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3351

| | |
|---|---|
| DANIEL L. POHLE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, New Albany Division. |
| | |
| *v.* | No. 4:20-cv-00139-SEB-DML |
| | |
| MICHAEL PENCE, et al., | Sarah Evans Baker, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Daniel Pohle sued several high-ranking government officials alleging that they violated his rights by conspiring against him and allowing an allegedly wrongful state-court decision to stand. The district court dismissed the suit for lack of jurisdiction under the *Rooker-Feldman* doctrine, as well as reasoned in the alternative that Pohle

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

failed to state a claim upon which relief could be granted. We agree with the district court that dismissal was proper, so we affirm.

In 2019, Pohle sued numerous current and former state and federal officials in Indiana state court. The defendants removed the case to federal court. 28 U.S.C. § 1442(a)(1).

In his amended complaint, Pohle covers much ground. He first recites general allegations of political corruption (involving blood diamonds, money laundering, and uranium). These allegations set the stage for an additional concern—a 2014 state-court judgment against him and his company, involving a contract dispute about the sale of a smelter to an Australian customer. *See Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 60 N.E.3d 217 (Ind. Ct. App. 2016) (affirming judgment); *Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 62 N.E.3d 1202 (Ind. 2016) (denying transfer). That judgment was unlawful, Pohle asserts, because it relied on Indiana codes that violate international law and his due-process rights. And, he continues, the defendants—all allegedly corrupt, high-ranking government officials—knew that this judgment violated international law and yet "refuse to acknowledge the Vienna Convention on the Laws of Treaties and the Vienna Convention on Contracts for the International Sale of Goods."

The district court granted the defendants' motion to dismiss because Pohle's claims required review of the 2014 state-court judgment and thus were barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Any claims not barred by *Rooker-Feldman*, the court added, were implausible and conclusory, and failed to state a claim. *See* FED. R .CIV. P. 12(b)(6).

We begin our analysis with a procedural note: By statute, a case that is removed from state court must be remanded back to state court upon a determination that the federal court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). But for the reasons given below, we do not need to address the issue of remand, which, regardless, would be futile. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991) (discussing futility of remand to state court after removal).

On appeal, Pohle's arguments are largely undeveloped and border on incoherence, notwithstanding FED. R. APP. P. 28(a)(8)(A). But we do understand him to argue that the *Rooker-Feldman* doctrine does not apply because his case is "not an appeal of a state case," but "a civil rights case addressing the [appellees'] criminal conspiracy to harm [him] for spying on them." As such, we surmise that Pohle attempts to state

claims that do not require the review of the state-court contract judgment. *See Loubser v. Thacker*, 440 F.3d 439, 441–42 (7th Cir. 2006) (noting that *Rooker-Feldman* does not apply to claims that a defendant "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment"). (We say "surmise" and "attempts" because Pohle's complaint, like his brief, is very difficult to follow.)

Understood this way, the district court correctly reasoned in the alternative that Pohle's outlandish complaint fails to state a claim and warrants dismissal. Pohle cannot conceivably explain how some of the highest-ranking state and federal officials had (or ought to have had) any role in his state-court action, and his allegations of a vast conspiracy surpass the speculative or insubstantial—they are nonsensical and frivolous. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that a case may be so frivolous that it fails to invoke federal-question jurisdiction). Because the nature of the claims is so outlandish, we are assured that modifying the grounds of dismissal "makes no practical difference." *See Matushkina v. Nielsen*, 877 F.3d 289, 297 (7th Cir. 2017). Thus, we affirm, on the district court's alternative reason that Pohle's allegations fail to state a claim. We therefore modify the judgment to be with prejudice and on the merits.

AFFIRMED as modified.