NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 28, 2006
Decided January 24, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 06-1906 | Appeal from the United States District Court for the Eastern District of Wisconsin |
| Malec Holdings II Limited, | |
| *Plaintiff-Appellee*, | No. 04 C 991 |
| *v.* | **J. P. Stadtmueller**, *Judge*. |
| Christopher S. English, Anita English, Ira B. Robins, and Robert Mihelich, | |
| *Defendants-Appellants*. | |

**O R D E R**

After the district court dismissed Malec Holdings II Limited's suit against Christopher and Anita English, their attorney Robert Mihelich, and a process server, Ira Robins, the defendants sought Rule 11 sanctions. The district court denied the defendants' motion for sanctions. Because the district court did not address several viable arguments in favor of an award of Rule 11 sanctions, we VACATE and REMAND.

I.

In May 2004, attorney Robert Mihelich, representing Christopher and Anita English and C.S. English Golf, LLC, filed a breach of contract action in state court against their former employer, Malec Holdings II, Limited. ("Malec"). Malec's attorney, Sean Lanphier, advised that service was improper and did not file an answer in that case. On October 5, 2004, the state circuit court granted the Englishes' motion for default judgment against Malec in the amount of $478,478.12. On October 8, 2004, attorney Mihelich filed a garnishment summons and complaint naming the Town Bank of Delafield, the bank where Malec had its accounts, and in response, the bank froze Malec's accounts.

After learning that Malec's accounts had been frozen, attorney Lanphier contacted attorney Mihelich on October 11, 2004. Attorney Lanphier claimed that the service of process on Malec by the process server, Ira Robins, had been deficient, and he allegedly demanded that the Englishes voluntarily stipulate to a stay of execution of judgment. The Englishes refused to stipulate to a stay of execution. Attorney Lanphier allegedly responded by threatening to sue the Englishes, attorney Mihelich, and Robins if they did not voluntarily agree to stay the execution of the judgment. On October 11, 2004, attorney Lanphier faxed to attorney Mihelich a draft state court complaint that named the Englishes and attorney Mihelich as defendants. The next day attorney Mihelich faxed a letter to attorney Lanphier. That letter warned attorney Lanphier that if Malec proceeded with the threatened state court lawsuit, the Englishes would seek sanctions for filing a frivolous complaint for an improper purpose. Attorney Lanphier responded by faxing attorney Mihelich a copy of a federal complaint and an Emergency Motion for a Temporary Restraining Order. Attorney Mihelich responded with another letter, again warning attorney Lanphier that the defendants would seek sanctions under Rule 11 if he proceeded with the federal lawsuit, as the federal lawsuit was frivolous and the federal court lacked subject matter jurisdiction. Attorney Mihelich further stated in his letter that "[t]he underlying state claim that is the subject matter of your federal complaint is already pending in state court in Waukesha County. Your potential remedy must be pursued in that court through a motion to reopen default judgment."

Undaunted, Malec filed its federal complaint against the Englishes, Robins, and attorney Mihelich, together with an Emergency Motion for a Temporary Restraining Order. The Civil Cover Sheet filed with the complaint asserted as the basis for jurisdiction "Federal Question (U.S. Government Not a Party)." The only federal question alleged in the complaint, however, was that the defendants violated Malec's due process rights under the Fifth Amendment and 48 (sic) U.S.C.

§ 1983.  The complaint also alleged state law claims for abuse of process and fraud, and sought an injunction restraining the defendants from pursuing their garnishment action.

Shortly after Malec filed the federal complaint, the Wisconsin state court, on October 15, 2004, stayed the garnishment proceedings against Malec's bank account.  Later the circuit court vacated the default judgment against Malec, after finding that the service of process was deficient.  The Court of Appeals of Wisconsin affirmed, explaining that "[a]lthough the record created on the motion to vacate the default judgment may have established actual personal service or substitute service, it remains a truism that when the default judgment was entered, the record did not establish personal service on the corporation." *English v. Malec Holdings II, Ltd.*, 701 N.W.2d 653 (table), 2005 WL 1459715 at 1 (Wis. Ct. App. 2005) (unpublished).

Back in federal court, the Englishes, Robins and attorney Mihelich ("the defendants") filed a motion to dismiss, claiming:  the federal court lacked jurisdiction due to the *Rooker-Feldman* doctrine[1]; the case was filed for an impermissible *in terrorem* purpose; the claims were objectively frivolous; and the claim against attorney Mihelich was barred by *Badger Cab Co., Inc. v. Soule*, 492 N.W.2d 375, 378-79 (Wis. Ct. App. 1992), which forbids the filing of claims against opposing counsel arising out of pending state court litigation.  The defendants also filed a motion for Rule 11 sanctions.

On June 15, 2005, the district court granted the defendants' motion to dismiss.  The district court, however, denied the defendants' motion for Rule 11 sanctions, without prejudice and with leave to re-file in 60 days.  On August 15, 2005, the defendants filed a second motion for Rule 11 sanctions.  The district court denied the defendants' second motion for sanctions.  The defendants appeal.

II.

On appeal, the defendants claim that the district court erred in denying their request for Rule 11 sanctions.  Rule 11 provides that a court may "impose an

---

[1] The *Rooker-Feldman* doctrine bars federal lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed.R.Civ.P. 11(c). Subdivision (b) of Rule 11 provides that:

> by presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b).

In denying the defendants' motion for Rule 11 sanctions, the district court explained:

> Given the complexity of the *Rooker-Feldman* doctrine, the court concludes that even after reasonable inquiry into the law Malec could have reasonably concluded that it had a valid claim. Moreover, the record indicates that Malec was required to file its claim expeditiously because its bank accounts were about to be frozen and it was seeking to restrain the defendants from pursuing their garnishment action.

District Court Opinion at 5.

We review a district court's denial of a motion for Rule 11 sanctions for an abuse of discretion. *LaSalle Nat'l Bank of Chicago v. County of DuPage*, 10 F.3d 1333, 1337 (7th Cir.1993). However, "[d]eferential review will not prevent this court from ensuring that district judges reflect seriously, and consider fully, before imposing (or denying) sanctions." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 936 (7th Cir.1989). Moreover, "a district court abuses its discretion when it denies sanctions with no explanation, or with an explanation that is so conclusory that the appellate court cannot review the substance of its decision." *LaSalle*, 10 F.3d at 1338 (internal citations omitted).

In this case, had the only basis for the defendants' Rule 11 motion been a claim that Malec's complaint was frivolous under the *Rooker-Feldman* doctrine, the district court's observations about the complexity of that area of the law would suffice.[2] However, the defendants presented several other justifications for Rule 11 sanctions. For instance, the defendants argued that Malec's § 1983 claim lacked a reasonable basis in law because there was no state actor involved. In its filings before the district court, Malec claimed a reasonable basis for filing a § 1983 action against the defendants based on *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337 (1969). However, *Sniadach* was an appeal from a state court decision and did not involve § 1983. *Id.* at 338. Moreover, it is well established that § 1983 requires that a defendant have acted under color of state law, and thus, in general, only state actors are subject to § 1983 liability. *See Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006) ("Section 1983 can reach private citizens only where a plaintiff adequately alleges that they conspired with a state actor to deprived that plaintiff of a constitutional right."). In short, from the cold record, it appears that Malec manufactured a § 1983 claim to get its foot in the door of the federal court because the state court was not acting expeditiously enough. (Even then, attorney Lanphier seemingly ignored the *Younger* abstention doctrine, leaving unclear what remedy he thought he could obtain for his clients in federal court, even if jurisdiction were proper.) The district court, however, did not consider whether suing the defendants under § 1983 justified Rule 11 sanctions.

---

[2] The district court also based its decision on *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1435 (7th Cir. 1987), which held that the amount of time an attorney has to prepare a document is relevant in determining whether Rule 11 sanctions are appropriate. *Brown* was decided before the 1993 addition of Rule 11's twenty-one -day safe harbor provision. *See* Fed. R. Civ. P. 11(c)(1)(A). Because Rule 11 now provides an attorney twenty-one days to withdraw or correct a filing before sanctions are imposed, an attorney facing such sanctions can no longer defend a frivolous legal claim by arguing that he or she filed the document in haste.

The district court also did not consider several other arguments that the defendants made in support of their motion for Rule 11 sanctions.  Specifically, the district court did not address attorney Mihelich's claim that suing him personally (and thereby creating a conflict of interest with his clients the Englishes) constituted the filing of  suit for an improper purpose, and that such a claim is barred by *Badger Cab Co., Inc. v. Soule*, 492 N.W.2d 375 (Wis. Ct. App. 1992).  The defendants also argued that they were entitled to sanctions because Malec filed suit for the improper purpose of extorting the Englishes into staying enforcement of their state court default judgment.  Finally, the defendants sought sanctions because the fraud and abuse of process claims were frivolous.  Again, the district court did not address whether Malec filed the federal suit for an improper purpose or whether the claims brought, especially the § 1983 claim, were frivolous.  From our review of the record, all of these arguments are "worthy of serious consideration, . . . [but] [t]he lack of any statement of reasons by the district court, however, precludes effective appellate review."  *Cunningham v. Waters Tan & Co.*, 65 F.3d 1351, 1361 (7th Cir. 1995).  Accordingly, we must VACATE the district court's denial of defendants' motion for Rule 11 sanctions and REMAND to the district court for further consideration.