**In re James E. HURT, Jr., Debtor.**

No. 07–13228.

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

June 17, 2008.

Timothy B. Latimer, Jackson, TN, for Debtor.

## MEMORANDUM OPINION AND ORDER RE: DEBTOR'S "EXPEDITED MOTION TO SUSPEND CHILD SUPPORT ORDER" AND THE RESPONSE FILED THERETO

G. HARVEY BOSWELL, Bankruptcy Judge.

The debtor in this case filed his "Expedited Motion to Suspend Child Support Order" on May 9, 2008. In the motion, the debtor asked this Court to suspend his monthly child support obligation until such time as an appeal of a Shelby County Juvenile Court order transferring custody to the debtor is heard. The appeal is scheduled to be heard on July 25, 2008. The State of Tennessee IV–D filed a response objecting to the requested relief on May 12, 2008. At the hearing in this matter, the parties stated that the facts were not in dispute.

The Court conducted a hearing on the debtor's "Expedited Motion to Suspend Child Support Order" and the State of Tennessee IV–D's response thereto on May 22, 2008. Fed. R. Bankr.P. 9014. Resolution of this matter is a core proceeding. 28 U.S.C. § 157(b)(2). The Court has reviewed the testimony from the hearing and the record as a whole. This Memorandum Opinion and Order shall serve as the Court's findings of facts and conclusions of law. Fed. R. Bankr.P. 7052.

### I. FINDINGS OF FACT

The debtor in this case is married and has a two-and-a-half year old child. The debtor also has a four-year-old daughter named Gabriella Y. Peace–Hurt. The debtor's child support obligation for Gabriella is currently set at $1,155.00 per month. At the time of filing his case, the debtor was in arrears on his child support payments for Gabriella Peace–Hurt. The State of Tennessee, pursuant to the requirements of 42 U.S.C. § 654b involving Title IV–D social security benefits, filed a claim for $2,000.00 on February 22, 2008, for the child support arrearage owed to Sharon Peace.

On April 21, 2008, the Shelby County Juvenile Court awarded temporary custody of Gabriella Y. Peace–Hurt to the debtor. The Juvenile Court did not, however, suspend Hurt's child support obligation at that time. The order transferring custody was appealed by Sharon Peace. The appeal is scheduled to be heard in Juvenile Court on July 25, 2008.

At the hearing in this matter, the debtor argued that the child support order should be temporarily suspended because he needs the money to care for the child since she is now in his custody. The debtor also argued that he is financially unable to make the child support payments and his full chapter 13 plan payments. His mortgage is included in his plan as is a 2002 Cadillac Escalade. His plan is now in arrears $4,884.00. If granted the suspension, he would use the extra money to cure his plan arrearage. The debtor is requesting a suspension until August 1, 2008, after which time the Juvenile Court proceeding should be finalized.

In response to the debtor's motion, the State argued that the child support order is valid and should be recognized by this Court until such time as the Juvenile Court resolves the matter on its merits. Should the Juvenile Court decide to award permanent custody of Gabriella Peace–Hurt to the debtor at that time, any money that will have been paid until that time can be applied to the debtor's child support arrearage.

The chapter 13 plan in the case at bar was confirmed on March 6, 2008. Accord-

ing to the Chapter 13 Trustee, the last disbursement in the case for ongoing child support was made on May 13, 2008, in the amount of $1,155.00. The last payment made on the arrearage was $40.00 on May 13, 2008. The payments for the ongoing child support and the arrearage are current. The last plan payment made by the debtor was $1,758.00 on May 12, 2008. That was the original proposed plan payment; however, the plan payment has now increased to $3,196.00. The plan is in arrears $4,884.00. The ongoing mortgage is in the plan, but is due for the April 1, 2008, disbursement in the amount of $1,049.36. JP Morgan Chase has filed a motion for relief from the automatic stay on the 2002 Cadillac Escalade. That motion is scheduled to be heard by this Court on June 19, 2008.

In the case at bar, the parties appeared at the hearing in this matter, but they failed to present any evidence to the Court. They did not present copies of the original child support and custody orders. Nor did they present a copy of the order awarding temporary custody to the debtor. Because of this, this Court has no way of knowing whether or not the Juvenile Court order addressed the issue of child support.

## II. CONCLUSIONS OF LAW

■ Section 36–5–101(f)(1) provides that:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

T.C.A. § 36–5–101(f)(1). "[A] court has no power to alter a child support award as to any period of time occurring prior to the date on which" an action for modification has been filed and notice has been mailed to the opposing party. *Alexander v. Alexander,* 34 S.W.3d 456, 460 (Tenn.Ct.App. 2000). Pursuant to TENN. R. CIV. P. 62.03, "[w]hen an appeal is taken from an interlocutory or final judgment in actions specified in Rule 62.01 or in actions for alimony or child support, the court in its discretion may suspend relief or grant whatever additional or modified relief is deemed appropriate during the pendency of the appeal and upon such terms as to bond or otherwise as it deems proper to secure the other party." Judgments which "change or otherwise affect the custody of a minor child" are specified in Rule 62.01.

■ Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required to " 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.' " *Lance v. Dennis,* 546 U.S. 459, 466, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006) (citing *Baker v. General Motors Corp.,* 522 U.S. 222, 246, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998)). "This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327,

1332, 84 L.Ed.2d 274 (1985). After reviewing the language of T.C.A. § 36–5–101(f)(1), this Court determines that Tennessee courts would treat the child support order in the present case as a final one which could only be altered upon the filing of an action for modification.

Additionally, T.C.A. § 36–5–101(f) provides the debtor with a clearly identified state process for seeking relief from the child support order. He only needs to file a petition or motion for modification with the Juvenile Court of Shelby County. Under TENN.R.CIV.P. 62.03 the Juvenile Court had the power to temporarily suspend the child support order or direct that interim payments would be applied to the debtor's arrearage during the pendency of the appeal. The debtor could have sought such relief from the court when the court transferred temporary custody to him. Section 36–5–101(f) also provides that determinations of child support are to be given full faith and credit in not only other states, but this one as well. Based on that, this Court must honor the child support award as it currently stands.

■ Although Tennessee law dictates that this Court does not have jurisdiction to suspend the child support order in this case, the Court also relied on the federal doctrine of "domestic relations exclusion" in making its decision. In a case similar to the one at bar, *Johnson v. Buchtel (In re Johnson)*, 2006 WL 2471612, *1 (Bankr. E.D.Tenn.2006), Judge Stinnett had the opportunity to address the domestic relations exception to federal jurisdiction. In that case, the Superior Court of Walker County, Georgia issued a child support order which required Charles Johnson to pay monthly support payments for his child to Nancy Buchtel. Sometime later, Charles Johnson filed a bankruptcy petition. The debtor's ex-wife filed a claim for child support and the debtor objected.

The debtor also filed an adversary proceeding asking the bankruptcy court to determine the amount of the child support claim. In the pleadings filed with the bankruptcy court, the debtor contended that his ex-wife could not collect child support for any time during which the child lived with him. *Id.*

Judge Stinnett began his analysis of the case by stating: "Generally, a parent must pay child support as ordered by the state court until the state court changes the order or grants the parent relief from the obligation." *Id.* Judge Stinnett went on to state that the fact that "Georgia courts have created an exception from liability for child support that may apply for a period during which the child lived with the parent obligated to pay the support … does not mean that a federal court should decide whether that exception applies." *Id.* Deciding such an issue could require a federal court to "consider a wide range of facts that are relevant under Georgia family law." Because of this, Judge Stinnett found that the Georgia state courts were the proper forum to handle the issues raised by the debtor's objection. *Id.* Judge Stinnett held that the matter in his case clearly came within the domestic relations exception to federal jurisdiction and overruled the debtor's objection. *Id.* at *2

The domestic relations exception to federal jurisdiction prohibits federal courts from hearing "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992). This exception is based largely on the fact that states have a strong interest in domestic relations matters and state courts are better suited to handle such cases. *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir.1981). As the 5th Circuit Court of Appeals recognized in the case of *Rykers v. Alford:*

If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case. On the other hand, if the court need only decide whether an already-set custody or child support award has been complied with, or whether the parties have committed acts that would be actionable even if everyone involved was unrelated, then the federal courts should retain the case. *Rykers v. Alford* 832 F.2d 895, 900 (5th Cir.1987); *Mosley v. Bowie County Tex.,* 2008 WL 1805514 *2 (5th Cir.2008). Other courts have applied the "domestic relations exception" to cases involving the determination of child support as well. *Agg v. Flanagan,* 855 F.2d 336, 339 (6th Cir. 1988); *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir.1998); *Lannan v. Maul,* 979 F.2d 627, 631 (8th Cir.1992); *Tackett v. Tackett,* 877 F.2d 60 *1 (4th Cir.1989).

Based on the "domestic relations exception" and T.C.A. § 36–5–101(f) and Tenn. R.Civ.P. 62.03, this Court has no jurisdiction to suspend the debtor's child support obligation. The debtor's motion will be denied.

### *III. ORDER*

It is therefore **ORDERED** that the Debtor's Expedited Motion to Suspend Child Support Order is **DENIED**.

**IT IS SO ORDERED.**