Larry A. Johnson, II, Attorney, Hawks Quindel, S.C., Milwaukee, WI, for Plaintiff-Appellee

Katherine Mendez, Attorney, Seyfarth Shaw LLP, Chicago, IL, for Defendant-Appellant

Before Richard A. Posner, Circuit Judge, Frank H. Easterbrook, Circuit Judge, Diane S. Sykes, Circuit Judge

### Order

Sandra Riederer brought this suit as a class action on behalf of persons employed by United Healthcare, which asked the district court to refer the proceeding to a series of arbitrations, one for each employee. The district court denied this motion, observing that *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), held invalid a contractual waiver of employees' opportunity to proceed collectively. United immediately appealed on the authority of 9 U.S.C. § 16(a). It concedes that *Lewis* is dispositive but contends that it is wrongly decided and asks us to overrule it. Yet *Lewis* was circulated before release to all active judges under Circuit Rule 40(e), and none favored a hearing en banc. There is an entrenched conflict among the circuits on the question in *Lewis*, and this court's reconsideration could not spare the Su-

preme Court the need to resolve the conflict. Multiple petitions for certiorari in cases presenting this question are pending before the Supreme Court. That is the right forum for United's arguments.

AFFIRMED

**Ede WARNER, Jr., Plaintiff-Appellant,**

v.

**Hilary BROWN, et al., Defendants-Appellees.**

**No. 16-3136**

United States Court of Appeals, Seventh Circuit.

Submitted November 9, 2016 *

Decided November 14, 2016

Ede Warner, Jr., Pro Se

---

\* We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

\* The defendants were not served with process in the district court and are not participating

in this appeal. We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Before DIANE P. WOOD, Chief Judge, JOEL M. FLAUM, Circuit Judge, DIANE S. SYKES, Circuit Judge

## ORDER

Ede Warner, a divorced father of two children, appeals (on jurisdictional grounds) the dismissal of his suit against prosecutors in Kentucky and Indiana whom, he believes, acted improperly in connection with the enforcement of a child-support order. The district court dismissed Warner's claims for lack of subject-matter jurisdiction based on the "domestic-relations exception" or alternatively on Warner's attempt to seek review of a state court's order. We modify the judgment to reflect dismissal for failure to state a claim rather than lack of jurisdiction, and as modified we affirm.

In 2009 Warner went through a bitter divorce in Kentucky, which was instigated when Warner's then-wife reported to police that he physically abused her and lit a fire inside their home with her and their two kids inside. Warner was charged with arson, assault, and wanton endangerment, and he eventually entered a guilty plea (the particulars are not reflected in the record). After the couple divorced, a Kentucky court ordered Warner to pay child support based on his income as a professor at the University of Louisville. Shortly thereafter Warner lost his job, and he blames the Kentucky prosecutor for telling his employer that he should be subjected to a "return-to-work" examination after being released from incarceration.

Warner relocated to Indiana, still subject to his child-support obligations, and he found work only intermittently. The Kentucky prosecutor obtained from a Kentucky court a new child-support order that required the same monthly payment amount and was addressed to Warner at his home in Indiana. Warner says that the post office "held" the letter containing the order for five months, and by the time he received it, he owed over $5,000. Warner repeatedly called and emailed the Kentucky prosecutor's office to get the order modified to reflect his then-current income, but the office "gave him the run around" and eventually used the new order to have his wages garnished in Indiana. Warner again contacted the Kentucky prosecutor, who refused to seek modification and said that officials in Indiana had initiated the garnishment. So Warner contacted the Indiana prosecutor's office, which refused to meet with him because he was a noncustodial parent and directed him to obtain modification in Kentucky because according to the Indiana prosecutor, Kentucky had "continuing enforcement jurisdiction." Warner tried to show the Indiana prosecutor that he already had sought an adjustment in Kentucky, but the Indiana prosecutor, Warner says, "demonstrated no interest" in his evidence. The Indiana prosecutor continued to pursue the enforcement, arrearages grew at about $1,000 per month, and his driver's license was suspended.

Warner filed a form complaint in federal court against the Kentucky and Indiana prosecutors and the United States Post Office alleging violations of the "federal Uniform Family Support Act." He asserted, first, that the Kentucky prosecutor committed misconduct and "harassed" him by knowingly using the outdated child-support order to garnish his wages, lying to him about which state's prosecutor instituted the garnishment, arresting him in 2009 for crimes he claims he did not commit, "overcharging" him to induce his guilty plea, and suggesting a return-to-work exam. Second, Warner asserted that the Indiana prosecutor's office violated unspecified constitutional rights by refusing to meet with him because he was not a

custodial parent and by continuing the enforcement action despite being aware of his reduced income. Finally, he alleged that the post office's delay in delivering the new child-support order was part of a conspiracy to force him into debt and have his wages garnished. Warner sought damages, an investigation of the conspiracy, and an injunction to stop the defendants from enforcing the new child-support order.

The district court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it for lack of subject-matter jurisdiction. The court construed Warner's allegations as a request to stop enforcement of the state court's child-support order—a request that the court deemed barred under the domestic-relations exception to federal jurisdiction. The court added that the complaint sought review of a state-court decision, which federal courts lack jurisdiction to review. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Finally, the court explained that Warner attempted to bring this action under the "Uniform Family Support Act," which is not a federal law but a statute that aims to facilitate the enactment of similar child-support laws among the states. The court ordered Warner to show cause why the case should not be dismissed. His response failed to identify a basis for federal jurisdiction, so the court dismissed the action.

On appeal Warner generally challenges the court's jurisdictional ruling and asserts that federal courts should "tinker" with their jurisdiction in order to reduce disparities based on race and financial resources.

We begin by noting that the domestic-relations exception does not bar most of Warner's suit. That exception applies only to a "narrow range" of cases—"only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). Here, Warner does not request the issuance or modification of any such order. *See Friedlander*, 149 F.3d at 739–40 (concluding that the exception did not apply in a suit between a former husband and wife for intentional infliction of emotion distress caused by conduct in the enforcement of an alimony order); *see also Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982) (deciding that the exception did not apply in tort action based on the wrongful interference with custody because the issues were independent of those in the custody action). To the extent Warner seeks damages for alleged prosecutorial misconduct arising from enforcement of a child-support order, his claim falls outside the domestic-relations exception.

Nor does the *Rooker-Feldman* doctrine bar Warner's claims. That doctrine, which also occupies "narrow ground," is "confined to . . . cases brought by state-court losers . . . inviting district court review and rejection of [those state-court] judgments." *Exxon-Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *see Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016); *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728–29 (7th Cir. 1993). Warner does not attack or ask to modify the state court's child-support order. Instead, he complains about actions in enforcing the order, and his claimed injuries arise from those actions.

We also disagree with the conclusion that Warner's complaint did not present a federal question. Although the Uniform Interstate Family Support Act—the law that

Warner purported to base his complaint on—is merely a model law promulgated by a federal agency and not a federal statute, *see* 42 U.S.C. §§ 654(20), 666(f); *United States v. Kramer*, 225 F.3d 847, 854–56 (7th Cir. 2000), a liberal construction of his allegations, *see Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), suggests that he seeks to raise claims under 42 U.S.C. § 1983 grounded in constitutional tort. He asserts that defendant state actors have committed various acts of misconduct in enforcing a court order that ultimately has deprived him of his wages and driver's license. If we construe his allegations generously, we understand him as asserting claims of abuse of process or malicious prosecution.

But even if federal jurisdiction exists, the district court's judgment can be affirmed on the alternative basis that Warner's complaint fails to state a claim under § 1983. To state a federal claim based on the prosecutors' alleged misconduct, Warner must plead a constitutional injury. But this he has not done, because tort liability alone, without injury to a constitutionally protected interest, is insufficient to state a claim under § 1983. *See Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997) ("The first step in any § 1983 analysis is to pinpoint the specific constitutional right which was allegedly violated."); *Buckley v. Fitzsimmons*, 20 F.3d 789, 797 (7th Cir. 1994) (noting that tort of slander is not a constitutional tort because the interest harmed by slander is not protected in the constitution); *see also Hart v. Mannina*, 798 F.3d 578, 594 (7th Cir. 2015) (requiring that constitutional violation accompany an abuse-of-process claim under § 1983); *Howlett v. Hack*, 794 F.3d 721, 727–28 (7th Cir. 2015) ("[I]n a § 1983 malicious-prosecution suit, the plaintiff must allege a violation of a particular constitutional right....") (quotation marks omitted). Ordinarily an appellee must cross-appeal before seeking to enlarge its victory, *see El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999); *Wellpoint, Inc. v. C.I.R.*, 599 F.3d 641, 649 (7th Cir. 2010)—which we have enlarged by affirming on the merits rather than jurisdictional grounds, *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 n.4 (7th Cir. 2010)—but a cross-appeal was not possible here because the appellees were not served.

We **MODIFY** the judgment to reflect dismissal for failure to state a claim rather than lack of jurisdiction, and as modified we **AFFIRM**.