**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 9, 2017
Decided October 11, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1112

| | |
|---|---|
| DANIEL BUDORICK, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 16-cv-03406 |
| VINCENT MANERI and | |
| MARILYN MANERI, | Joan B. Gottschall, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Daniel Budorick, an attorney representing himself in this diversity suit, appeals the dismissal of his tort claims against his in-laws, who he says conspired with his estranged wife to hide marital assets from the state court presiding over the couple's still-pending divorce case. The district court determined that the domestic-relations exception blocked federal jurisdiction over the suit. We affirm the judgment.

This case arises from long-running and acrimonious divorce proceedings between Daniel and his wife, Heather. *See Budorick v. Budorick*, No. 14 D2 30119 (Cir. Ct. Cook Cty. Filed Mar. 24, 2014). In March 2016, the same month that a trial in the divorce case was scheduled to begin, Daniel brought this federal suit against Heather's parents,

Vincent and Marilyn Maneri. He invoked the court's diversity jurisdiction and accused the Maneris of helping Heather divert almost $200,000 from the Budoricks' marital estate. Specifically, Daniel alleged that Heather secretly transferred funds from various accounts she controlled either solely or jointly with the Maneris into accounts controlled only by the Maneris. The complaint listed several causes of action against the Maneris—civil conspiracy, conversion, and unjust enrichment—but did not specify which state's law supported those causes of action. The relief sought includes an accounting and a constructive trust.

The day after he filed his federal complaint, Daniel also tried to remove the divorce case and consolidate the divorce proceedings with the federal suit against the Maneris. The district court, acting *sua sponte*, dismissed Daniel's complaint and struck his notice of removal. The judge explained that the complaint did not properly allege a basis for diversity jurisdiction because it referred only to the *residency* of the parties as opposed to their *citizenship*. The judge granted leave to amend, but cautioned Daniel that "ancillary issues such as 'property division rights' may fall within the domestic relations exception to [the] court's diversity jurisdiction." As for the removal notice, the judge held that there was no basis for removing the divorce action to federal court, that the removal was untimely because the divorce action already had been pending for over two years, and that it was procedurally improper to file a notice of removal in a pending federal action.

Daniel filed an amended complaint, this time fleshing out the basis for diversity jurisdiction. The Maneris moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. They argued that the domestic-relations exception barred the federal court from exercising jurisdiction over Daniel's claims. They also argued that the complaint failed to state a claim under Illinois law and that Daniel should be sanctioned for filing a baseless lawsuit.

The judge held that the domestic-relations exception barred Daniel's claims, reasoning that the relief Daniel sought would necessarily intrude on the state court's resolution of disputes over which assets belong to the Budoricks' marital estate. But the judge declined to impose sanctions because, she said, "the parameters of the domestic relations exception are not clearly defined." The judge did not address the Maneris' alternative argument that the amended complaint failed to state a claim.

Meanwhile, Daniel continued to stall the divorce trial. Soon after he sued the Maneris in federal court, he filed an interlocutory appeal challenging the trial court's

denial of his motions to modify a child-custody order and to substitute judges. *See Budorick v. Budorick*, No. 1-16-1605, 2016 WL 7434436, at *1 (Ill. App. Ct. Dec. 23, 2016). The Illinois Appellate Court stayed the divorce proceedings, but eventually dismissed the appeal for lack of appellate jurisdiction. *See id.* The Illinois Supreme Court denied review. *See Budorick v. Budorick*, No. 121962, 2017 WL 1160997 (Ill. Mar. 27, 2017). Daniel then returned to the trial court and moved to stay the divorce proceedings "pending final resolution of the claims in the Federal Action." That motion was denied. The divorce proceedings are ongoing.

In this court the parties debate whether the domestic-relations exception bars Daniel's suit against the Maneris. The exception applies to a narrow range of cases that implicate "the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992). On the other hand, a case does not fall within the exception merely because the plaintiff's allegations "touch on the subject of marriage." *See Arnold v. Villareal*, 853 F.3d 384, 387 n.2 (7th Cir. 2017) (state fraud claims fall outside the exception); *Loubser v. Thacker*, 440 F.3d 439, 440–42 (7th Cir. 2006) (same); *Friedlander v. Friedlander*, 149 F.3d 739, 739–41 (7th Cir. 1998) (same for state claims for intentional infliction of emotional distress).

Daniel insists that he "is not asking the federal district court to adjudicate the financial phase of a divorce proceeding." But his essential grievance is that the disputed funds are marital property, that his wife wrongfully diverted the funds to her parents, and that he is entitled to his share. These are matters for the state court to decide during the ongoing divorce proceedings. *See United States v. Windsor*, 133 S. Ct. 2675, 2691 (2013); *Ankenbrandt*, 504 U.S. at 704. If there was any misconduct by his wife or the Maneris, the state court will take that into account when dividing the Budoricks' marital estate. This case falls squarely within the domestic-relations exception.

A final matter remains: The Maneris moved for sanctions under Rule 38 of the Federal Rules of Appellate Procedure. Sanctions are indeed warranted. The suit is plainly blocked by the domestic-relations exception. The appeal is frivolous, unjustified by any purpose other than to stall the divorce proceedings. The Maneris may file, within 14 days, a statement of the attorneys' fees and other expenses reasonably incurred in defending this appeal. Daniel has 10 days to respond.

AFFIRMED, WITH SANCTIONS.