> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 20, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1913

| | |
|---|---|
| TOSHISADA ONISHI,[**] <br> *Plaintiff-Appellant*, <br><br> *v.* <br><br> DAVID CHAPLEAU, et al., <br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:19-cv-1048 DRL-MGG <br><br> Damon R. Leichty, <br> *Judge*. |

## O R D E R

After an Indiana court awarded primary custody of Toshisada Onishi's minor son to his former spouse, Onishi brought this federal civil-rights suit against numerous

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

[**]Onishi purports to file his brief also on behalf of his mother Teruko Onishi. The district court, however, struck her as a putative plaintiff earlier in the proceedings because Onishi had not complied with relevant federal pleading rules. *See* FED. R. CIV. P. 11, 15(a), 20.

St. Joseph County public officials involved in the state court's proceedings. Protracted proceedings ensued, and the district court ultimately dismissed the suit after Onishi failed to justify his inability to file a proper complaint after two months of litigation. Because the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, we vacate the judgment and remand with instructions to dismiss.

Onishi, a lawyer proceeding pro hac vice, initiated this suit by seeking both a temporary restraining order to stay the state court's proceedings and a preliminary injunction to prevent the state court from enforcing any judgment. He followed that up with a 179-page complaint, in which he asserted that three St. Joseph County judges, four Indiana Court of Appeals judges, court clerks, prosecutors, and Indiana's Attorney General violated his due-process and equal-protection rights. He asked the district court to declare unconstitutional Indiana laws and his custody judgment, and to award him compensatory and punitive damages. Onishi then withdrew his submissions and amended them to include a jury demand.

The court denied his motions for injunctive relief and a temporary restraining order for a host of reasons. Not only were his requests barred under the *Rooker-Feldman* doctrine and the domestic-relations exception to jurisdiction, but Onishi also failed to demonstrate a likelihood of success on the merits, his complaint lacked a short and plain statement of his claims, FED. R. CIV. P. 8(a), and his submissions did not redact his minor son's name. FED. R. CIV. P. 5.2(a)(3). The court ordered him to file a rule-compliant complaint within two weeks and warned him that his case would be dismissed if he persisted in violating court rules.

After moving four times within a seven-day period to extend the deadline to amend his complaint, Onishi filed his third-amended complaint, which the court ordered to be sealed because Onishi still had not redacted his minor son's name. The court pointed out that the filing still failed to comply with court rules, requiring the court's continued remedial action and sapping its time. The court ordered Onishi to file a properly redacted complaint within a week, and to show cause why the case should not be dismissed based on Onishi's repeated violation of court rules and orders.

Onishi refiled his complaint, but the court struck it for non-compliance. The court alluded to several exhibits in which his son's name still appeared, unredacted, and other exhibits containing inappropriate nude photographs of the child. The status of Onishi's case, the court said, would be addressed at the show-cause hearing.

At the hearing, Onishi failed to persuade the court that he deserved a fifth opportunity to cure the defects in his complaint. In a thorough written order, the court recounted Onishi's long list of rule violations, disregard for court warnings, and string of inappropriate and nonsensical emails sent to chambers. Onishi, the court said, offered no defense or justification for his conduct. The court highlighted the frivolous nature of Onishi's claims ("gobbledygook and logorrhea"), the burden put upon the defendants to decipher them, and the enormous amount of time spent on this case by the court and other litigants. Based on Onishi's numerous violations of rules and orders and his inability to show how further amendment would be meaningful, the court dismissed the complaint with prejudice.

Onishi sought reconsideration based on what he understood to be misstatements and groundless accusations the court made against him. The court denied the request, concluding that his submission reflected a continuing disregard for court rules and that he was rehashing unsuccessful arguments.

Onishi then moved under 28 U.S.C. §§ 144 and 155 to disqualify both the district judge and the magistrate judge, who had made some preliminary rulings. Onishi charged the judges with bias against him, citing (among other things) their purported role in denying him access to the electronic docket, their impolite responses to his emails, their potential ties to the defendants as fellow Indiana officials, and their "error" in dismissing the case for failure to submit a properly redacted complaint. In separate orders the judges denied the motion, spelling out in detail why Onishi's arguments for recusal were unsupported or irrational.

On appeal, Onishi generally challenges the dismissal of his case, arguing that the district court failed to account for his inexperience litigating in federal court and improperly denied his motions for reconsideration and recusal without holding a hearing. The defendants, for their part, reassert a jurisdictional challenge: that the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine over any claim seeking to override a state-court ruling on a custody issue.

Our first step in any appeal is to confirm that both the district court and this court have jurisdiction over the case. *Lennon v. City of Carmel*, 865 F.3d 503, 506 (7th Cir. 2017). Federal courts lack the power to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker-Feldman* doctrine, state-court losers must appeal in the state courts, then seek certiorari from the Supreme Court of the United States; lower

federal courts cannot overturn state-court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). Although Onishi styled his complaint as a constitutional challenge to actions taken by Indiana courts and officials, the injury he seeks to redress—loss of custody—stems from a state court's judgment. Because he does not seek any relief unrelated to the adverse custody judgment, he cannot avoid the force of *Rooker-Feldman. See Golden v. Helen Sigman & Assoc.*, 611 F.3d 356, 361–62 (7th Cir. 2010); *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005).

We add that another jurisdictional basis also exists for dismissal—the domestic-relations exception to federal jurisdiction. That doctrine blocks federal adjudication of cases involving "divorce, alimony, and child custody decrees," *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006), because state courts are better suited to adjudicate such cases. *See Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982). Onishi's challenge to the state court's custody judgment falls in the core of cases contemplated by the domestic-relations exception. *See Arnold v. Villareal*, 853 F.3d 384, 387 n.2 (7th Cir. 2017) (citing *Friedlander v. Friedlande*r, 149 F.3d 739, 740–41 (7th Cir. 1998)).

Because the district court lacked subject-matter jurisdiction over this case, we VACATE the judgment and remand with instructions to dismiss for lack of jurisdiction.