NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022[*]
Decided March 10, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2398

| | |
|---|---|
| ROBERT D. KEITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 21-cv-0446-bhl |
| WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, et al., *Defendants-Appellees*. | Brett H. Ludwig, *Judge*. |

**O R D E R**

Robert Keith seeks to overturn several Wisconsin administrative and court orders related to his thirty years of unpaid child support. He asserts that unnamed officials of the State of Wisconsin, Milwaukee County, and several state agencies fraudulently deprived him of his custodial rights, ordered child support, and enforced

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

his payment obligations through various civil and criminal actions. The district court dismissed the complaint for lack of subject-matter jurisdiction, ruling that the *Rooker-Feldman* doctrine and the domestic-relations exception barred his claims. We affirm.

Keith alleged in his complaint under 42 U.S.C. § 1983 that since 1992, Milwaukee County courts have fraudulently deprived him of his custodial rights and have therefore improperly required him to pay child support. Because Keith refused to pay, various state actors have attempted to collect the child support through other means, which Keith describes as illegal: the Division of Motor Vehicles put a lien on his car, the Department of Workforce Development garnished his wages, the Department of Revenue interfered with his unemployment compensation, and the "Wisconsin District Attorney" charged him with felony offenses that led to convictions. As relief, Keith asked the district court to reverse the original child-support judgment, end all enforcement actions, return what has been collected from him, and expunge the felonies from his record. He also sought $10 million in damages.

The defendants moved to dismiss the case for a host of reasons. See FED. R. CIV. P. 12(b)(1), (6). They contended that Keith's claims were barred in whole or in part by the *Rooker-Feldman* doctrine, the domestic-relations exception, the Eleventh Amendment, the statute of limitations, and the doctrines of abstention and preclusion. They argued also that certain defendants were not suable entities and that any individual prosecutor had either absolute or qualified immunity.

The district court dismissed the complaint for lack of subject-matter jurisdiction. It ruled that the *Rooker-Feldman* doctrine barred Keith's claims because they sought to overturn state orders related to his child support. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Moreover, because Keith challenged custody and child-support orders, the domestic-relations exception also precluded the court from adjudicating his claims. The court entered a jurisdictional dismissal and stated that "[b]ecause Keith cannot amend his complaint to bring the same or similar claims within this Court's jurisdiction, Keith will not be given leave to file an amended complaint."

Keith appeals, generally challenging the dismissal without addressing why his case is suitable for federal court. The district court correctly ruled that it is not. As for Keith's claim for damages for wrongful convictions, he cannot bring this claim in federal court unless those convictions are overturned through judicial or executive action. See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). To the extent this could occur

in the future, the dismissal of any claim that would undermine the validity of the convictions must be without prejudice. The district court did not address *Heck* or designate the dismissal as without prejudice, but because the dismissal is based on lack of subject-matter jurisdiction, it is necessarily without prejudice, and no modification of the judgment is required. *Kowalski v. Boliker*, 893 F.3d 987, 994–95 (7th Cir. 2018).

The *Rooker-Feldman* doctrine bars Keith's other claims. That doctrine prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Keith asked the district court to reverse state-court judgments that required child support, and the other decisions—to put a lien on his car, garnish his wages, and intercept his unemployment compensation—that derive directly from those judgments. Suits based on the injuries caused by state-court judgments, such as these, are exactly what the *Rooker-Feldman* doctrine prohibits. See *id.*; *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). Keith contends that these orders all stem from a long-ago fraud that resulted in the child-support obligation, but there is no general fraud exception to *Rooker-Feldman*. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). Further, a court could not award the damages Keith seeks without invalidating the state court judgments—something only a Wisconsin appellate court or the Supreme Court of the United States could do. *Exxon Mobil Corp.*, 544 U.S. at 284.

The alternative ground for dismissing the claims aimed at the child-support and custody decisions was also sound: the domestic-relations exception bars them. Under this doctrine, federal courts avoid deciding cases involving "divorce, alimony, and child custody decrees," *Marshall v. Marshall*, 547 U.S. 293, 308 (2006), for reasons including state courts' superior proficiency in addressing these matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992); *Struck v. Cook Cnty. Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007). Keith's challenge to the state child-support orders and his allegations of state actors' interference with his parental rights fall in the core of cases contemplated by this exception. See *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). Further, we do not limit the domestic-relations exception to cases invoking federal jurisdiction based on diversity of citizenship, so there is no impediment to applying the doctrine in this federal-question case. *Kowalski*, 893 F.3d at 995.

Because we affirm the dismissal under Rule 12(b)(1) for lack of jurisdiction, we need not address the defendants' arguments regarding other bases for dismissal.

AFFIRMED